JOHN C. BEATTY et al., Executors, *v.* JOHN L. DUFIEF et al.

It is well settled that payments by an executor without an order of court are irregular, and not
binding, unless it be shown that they liberate the estate from a legal obligation.

APPEAL from the District Court, Fifth District, Parish of Lafourche, *Cole,* J.
J. C. & A. *Beatty,* for plaintiffs and appellants. *Race & Foster,* for
defendants.

VOORHIES, J.   On the 10th of July, 1840, *Abner Robinson* mortgaged his
sugar plantation and slaves to *Joseph Fowler, Jr.,* to secure the payment of six
promissory notes given by him to the latter for a loan of $59,254.15.   Subse-
quently, on the 10th of April, 1841, he also mortgaged the same property to
*W. Bogart & Co.,* to secure the payment of six promissory notes given by him
to the latter for a loan of $30,000, stipulating in both mortgages to pay 10 per
cent. interest on each of the notes from maturity.

*Joseph Fowler, Jr.,* died in August, 1850, and *W. Bogart,* a member of the
firm of *W. Bogart & Co.,* was appointed curator of his estate.

The mortgage notes in favor of *W. Bogart & Co:,* endorsed in blank by
them, were inventoried as the property of *Fowler's* succession.   The judicial
partition between the heirs of *Fowler,* made on the 4th of April, 1851, is silent
as to any other claim against *Abner Robinson.*

The heirs to whom the mortgage notes were allotted in the partition, obtained
an order of seizure and sale on them, for the sum of $136,911 16, alleged to be
the principal and interest due on the 10th of February, 1854, after allowing
various credits to the estate of *Abner Robinson.*

The plaintiffs, as testamentary executors of the late *Joseph W. Tucker's* last
will and testament, allege that the testator was, during his lifetime, executor of
*Abner Robinson's* last will and testament; that as such, he paid to the heirs of
*Joseph Fowler, Jr.,* or their assigns, on the 24th of April, 1851, the sum of
$12,701 03, which has never been allowed as a credit on the mortgage notes
of *Abner Robinson;* that when this payment was made, neither *Joseph Fowler,
Jr.,* nor his heirs, held any other claim against *Abner Robinson* than said mort-
gage notes, and that they are interested and bound to require said payment to
be allowed as a credit, otherwise *Tucker's* estate will lose the benefit of it on
the settlement with the estate of *Robinson.*   Their petition concludes with a
prayer for an injunction, and that the plaintiffs in the executory process be
required to show whether *Abner Robinson* ever owed any other debt to *Joseph
Fowler, Jr.,* than said mortgage notes, in order that said *Tucker's* estate may
be protected thereby from loss; and in default of showing any other indebted-
ness, that said payment may be imputed as a credit on said mortgage notes.

The receipt in question is in the following words, viz. :

" Received, New Orleans, April 24th, 1851, from *J. W. Tucker, Esq.,* execu-
tor of the estate of *Abner Robinson,* deceased, late of Lafourche Parish, La.,
twelve thousand seven hundred and one dollars three cents ($12,701 03), in full
for all accounts due by said estate to the late *Joseph Fowler, Jr.,* of New Orleans,
La., and whose succession has been opened in the Second District Court of New
Orleans, except twelve (12) certain promissory notes and interest thereon,
drawn by said *Robinson* to the order of                     , which said

notes are still due and have been divided among the heirs of the said *Joseph Fowler's* estate as the property thereof. For their amounts, dates, and descriptions, reference is made to the act of partition of the property of said *Fowler's* estate, made before *Theodore Guyol*, Notary Public of this city.

(Signed,) *John H. Skinner*, attorney in fact for *Margaret Swain* and others; *Race & Foster*, attorneys for *J. A. Dolman; John L. Dufief*, attorney for various heirs; *James J. Fowler*, for self and others; *John D. Fowler; John Greeves*, attorney for various heirs."

In February, 1847, *Joseph Fowler, Jr.*, brought a suit against *Joseph W. Tucker*, testamentary executor, for the recovery of $100,970 56, alleged to be the amount of the principal and interest then due him by *Abner Robinson* on the mortgage notes, after allowing as credits partial payments which had been made by said executor, as shown by a statement annexed to his petition. After the joinder of issue in July, 1850, no other steps appear to have been taken in that suit. Thus it would seem that *Fowler* himself, during his lifetime, had never asserted any other claim against *Robinson's* estate than that which was evidenced by said mortgage notes.

Under this state of facts, we think it was incumbent upon the heirs of *Fowler* to have shown the existence of other claims, if any they had, against the estate of *Robinson*. It is perfectly clear that *Tucker*, as executor, could pay only such debts against *Robinson's* estate as were legally exigible; and it appears to us to be equally clear that the executor, in a payment made by him in error, and without the authority of the court, is entitled to the reimbursement of such payment. It is well settled that payments by an executor, without any order from the court, are irregular and not binding, unless it be shown that they liberate the estate from a legal charge. Hence it follows that *Tucker's* estate is entitled to claim the imputation of the payment in question as a credit on the notes sued upon. We do not think there is any force in the defendant's objection, that the question is not now before us as to whether *Tucker's* estate would be allowed such payment as a credit, or not, by the estate of *Robinson*. It is enough to say that *Tucker* could only pay what *Robinson* owed, and the heirs of *Fowler* have not attempted to set up any other claim than that on which we think the imputation should have been made.

It is therefore ordered and decreed that the judgment of the court below be avoided and reversed, and that said sum of $12,701 03 be allowed as a credit to the estate of *Abner Robinson*, deceased, on the defendant's claim, to be imputed on the 24th of April, 1851, that the injunction herein sued out for said amount be made perpetual, and that the defendants and appellees pay the costs of both courts.

MERRICK, C. J. Although I have doubts whether sufficient facts have been established to throw the burden of proof upon the heirs of *Fowler* to show that the intestate held other claims against the estate of *Robinson*, still I am not prepared formally to dissent.

Rehearing refused.